Steven S. Soliman (285049)
**THE SOLIMAN FIRM**
245 Fischer Avenue, Ste. D-1
Costa Mesa, CA 92626
Telephone: 714-491-4111
Fax: 714-491-4111
ssoliman@thesolimanfirm.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS WHEELER,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**SAUL CHEVROLET, INC. d/b/a CARDINALEWAY MAZDA CORONA**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. THOMAS WHEELER ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SAUL CHEVROLET, INC. d/b/a CARDINALEWAY MAZDA CORONA ("Defendant"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

CLASS ACTION COMPLAINT

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law, in particular the Telephone Consumer Protection Act, 47 U.S.C. §227(b).

8. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California, the venue in which it called Plaintiff as well as conducts business.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of California. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined

Page 3

CLASS ACTION COMPLAINT

by 47 U.S.C. § 153 (10). Defendant operates numerous car dealerships and directs solicitation calls to thousands of consumers in California. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Riverside, and within this judicial district.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was a citizen of the County of Los Angeles, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

12. Defendant is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153 (10).

13. At all times relevant Defendant conducted business in the State of California and in the County of Riverside, within this judicial district.

14. On or about May 15, 2020, Plaintiff visited Defendant's online website https://www.cardinalewaymazdacorona.com/ to obtain a quote on the price of a new Mazda CX-5 Touring car.

15. At no time did Defendant inform Plaintiff that Defendant would utilize Plaintiff's cellular telephone number to place prerecorded or artificial voice calls as part of a marketing campaign. While submitting his email and phone number to receive a quote, Plaintiff was never presented any language or agreement informing or agreeing that Defendant would be permitted to place autodialed or prerecorded or artificial voice calls to Plaintiff.

16. On May 20, 2020 at 12:15 p.m., Plaintiff received a call on his cellular telephone ending in -2834 from Defendant who called from 951-271-3344.

17. After picking up the calls, there was a long delay following Plaintiff saying "hello" after which a prerecorded voice message played informing Plaintiff

that Mazda had approved new reductions and to call back and reference Jasmine to make use of these new rates.

18. The call then terminated. The call did not offer any options to opt-out of or cease such prerecorded voice calls. The call also was a prerecorded voice message for which Plaintiff could obtain no response no matter what he said.

19. The call was made for solicitation purposes to encourage Plaintiff to call Defendant's dealership for the purposes of selling Plaintiff a vehicle.

20. Defendant used an "automatic telephone dialing system" and/or prerecorded voice, as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff. In particular, the equipment used by Defendant, to place the call at issue to Plaintiff, has the capacity to: 1) store or produce numbers to be called using a random or sequential number generator; and 2) to dial those numbers. Such capacity is evidenced by the fact that the call message was a prerecorded voice message from Defendant.

21. The telephone number that Defendant, or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227 (b)(1)*.

22. These telephone calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227 (b)(1)(A)(i)*.

23. Plaintiff did not provide Defendant or its agents with prior express consent to receive calls made with an automatic telephone dialing system or prerecorded or artificial voice, pursuant to 47 U.S.C. *§ 227 (b)(1)(A)*.

24. These telephone calls by Defendant, or its agents, violated *47 U.S.C. § 227(b)(1)*.

*//*
*//*

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

26. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any solicitation calls from Defendant using an automatic telephone dialing system or artificial or prerecorded voice for which the call was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an automatic telephone dialing system or artificial or prerecorded voice, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

29. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents made any calls to a Class member (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

   b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

32. As a person that received at least one solicitation prerecorded call without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

33. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and The

Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintif seeks for himself and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 10, 2020                              Respectfully submitted,

**THE SOLIMAN FIRM**

By: ___/s Steven S. Soliman
STEVEN S. SOLIMAN, ESQ.
ATTORNEY FOR PLAINTIFF

CLASS ACTION COMPLAINT